UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATASHA RUIZ,

    Plaintiff

    v.

SHARKNINJA OPERATING LLC and
WALMART INC.,

    Defendants

Case No. _____

## DEFENDANTS' NOTICE OF REMOVAL

Defendants SharkNinja Operating LLC and Walmart Inc. ("Defendants") remove this personal injury products-liability action filed on May 12, 2021, from the Ninth Judicial Circuit Court, Osceola County to this Court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446.

## GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

The grounds for removal based on diversity jurisdiction are met. As to the complete-diversity requirement, Plaintiff Natasha Ruiz is a citizen of Florida, *see* Plaintiff's Complaint at ¶2 (attached as **Ex. A**), and neither Defendant is a citizen of Florida, *see* Defendants' Disclosure Statement (filed contemporaneously with this Notice of Removal).

4849-6637-5421

Regarding the citizenship of each Defendant, Walmart Inc. is a publicly traded Delaware corporation with its principal place of business in Bentonville, Arkansas. *Id*. SharkNinja Operating LLC is a Delaware limited liability company with its principal place of business in Massachusetts, whose sole member is EP Midco LLC, a Delaware limited liability company with its principal place of business in Massachusetts, whose sole member is Global Appliance LLC, a Delaware limited liability company with its principal place of business in Massachusetts, whose sole member is Global Appliance UK Holdco Ltd., a corporation organized under the laws of the United Kingdom with its principal place of business located in England. *Id*.

As to the amount-in-controversy requirement, Plaintiff's recent discovery responses show she is seeking lost income well in excess of $75,000. *See* Plaintiff's Answers to SharkNinja's First Interrogatories at Answer to IROG Nos. 6 and 10 (attached as **Ex. B**). Specifically, Plaintiff states that since January 2015 she had been employed as an exotic dancer making "on average" $1500 per week, but she was forced to quit her job on August 26, 2020, due to hand-laceration injuries allegedly sustained as a result of the Ninja BL450 in this case. Based on Plaintiff's discovery responses, including that she is seeking damages for lost income and loss of future earnings capacity, her discovery responses show that Plaintiff is seeking roughly $85,500 in lost income at present—an amount assessed by multiplying her

$1,500 average weekly income (3 shifts per week, multiplied by $500 per shift) by the 57 weeks that have passed since Plaintiff quit on August 26, 2020. *Id.*

There are additional reasons to conclude the amount-in-controversy is met. Jury awards in analogous products-liability cases have exceeded $75,000.[1] The costs and interest Plaintiff seeks to recover—which would include filing fees and other material costs, plus interest—provide another readily ascertainable basis for the amount-in-controversy determination. Finally, Plaintiff seeks compensation for medical treatment for her hand-laceration injuries. *See id.* at Answer to IROG Nos. 7 and 10. For all of those reasons, the amount in controversy exceeds $75,000.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

The procedural requirements for removal are also met. This Court is the proper venue for an action removed from Osceola County. This Notice of Removal is timely because it was filed within 30 days of September 3, 2021, the date SharkNinja received Plaintiff's Answers to SharkNinja's First Interrogatories, which is the first paper from which it could be ascertained that this case is removable. Walmart Inc. joins this removal.

---

[1] *See e.g.*, *Sensini v. MTD Southwest Inc.*, 2019 WL 1370019 (M.D. Fla.) (awarding a products-liability plaintiff, injured when a leaf blower's fan component shattered and lacerated her mid-section, $220,000 for past and $115,000 "pain and suffering, physical impairment, disfigurement, mental anguish, inconvenience and loss of capacity for the enjoyment of life"); *Hodzic et al. v. U-Haul International, Inc. et al.*, 03 FJVR 11-23, 2003 WL 23204336 (Fla. Cir. Ct.) (awarding a products-liability plaintiff, whose laceration injury required twenty-one stitches, $50,000 for past pain and suffering and $50,000 for future pain and suffering, in addition to medical costs).

After filing this notice of removal, Defendants will promptly give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of Osceola County's Ninth Judicial Circuit Court, pursuant to 28 U.S.C. § 1446(d). As required by Local Rule 1.06(b), Defendants have attached the following exhibits, which include a legible copy of each paper docketed in the state court:

- Plaintiff's Complaint (**Ex. A**)

- Plaintiff's Answers to SharkNinja's First Interrogatories (**Ex. B**)

- Civil Cover Sheet (**Ex. C**)

- Index of all papers docketed in the state court action (**Ex. D**)

- Copies of all papers docketed in the state court action (**Ex. E**)

October 1, 2021						Respectfully submitted,

/s/ *Scott Kaiser*
Scott D. Kaiser
Fla. Bar No.: 95208
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO  64108
(816) 474-6550
skaiser@shb.com

***Lead Counsel for Defendants***
***SharkNinja Operating LLC***
***Walmart Inc.***