# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NATASHA RUIZ,

        Plaintiff,

v.                                              Case No:   6:21-cv-1628-WWB-LHP

SHARKNINJA OPERATING LLC and
WALMART INC.,

        Defendants

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S SHORT-FORM DISCOVERY MOTION FOR LEAVE TO CONDUCT A SECOND RULE 30(B)(6) DEPOSITION OF DEFENDANT SHARKNINJA OPERATING LLC (Doc. No. 32)
>
> **FILED:**  March 3, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

This products liability case concerns Plaintiff's claim that she was injured operating a "push down" blender, model BL450, designed by Defendant SharkNinja Operating LLC ("SharkNinja"). *See* Doc. No. 1-5, at 11–19. By the

present motion, Plaintiff moves for leave of Court to conduct a second deposition of SharkNinja's corporate representative, pursuant to Federal Rule of Civil Procedure 30(b)(6).  Doc. No. 32.[1]  According to Plaintiff, she learned for the first time during the February 9, 2023 deposition of SharkNinja's expert that SharkNinja uses different model numbers for the same "push down" blender design as model BL450.  *Id.* at 3.  Plaintiff contends that "[t]his type of information is regularly discoverable in product liability cases."  *Id.*

In response, SharkNinja argues, among other things,[2] that Plaintiff has known about the existence of other "push down" models since at least January 2022, by SharkNinja's document production identifying other such model numbers, and that its December 2022 document production also identified other "related configurations" by model number.  Doc. No. 33, at 1–2.  But Plaintiff has only sought discovery in this matter related to model BL450.  *Id.* at 2.  *See also* Doc. Nos. 33-2 through 33-5.  So, SharkNinja contends that Plaintiff has had ample

---

[1] Plaintiff conducted a 30(b)(6) deposition of SharkNinja's representative on October 5, 2022.  *See* Doc. No. 32, at 2.

[2] Given the rulings made herein, the Court addresses only the arguments necessary for resolution of the motion, and declines to address the remainder of SharkNinja's arguments.

opportunity to obtain the information sought through discovery but failed to do so. Doc. No. 33, at 2.

Based on SharkNinja's response, the Court directed Plaintiff to file a reply brief.  Doc. No. 34.  Plaintiff has timely replied, *see* Doc. No. 35, and the matter is now ripe for review.  Upon review, and for the reasons discussed herein, Plaintiff's motion is due to be denied.[3]

First,[4] as set forth in the papers and attachments, Plaintiff never requested discovery from SharkNinja regarding other blender models similar to model BL450; indeed, all of Plaintiff's discovery requests appear to have been limited to model BL450, and SharkNinja's responses to the discovery were limited to BL450.  *See* Doc. Nos. 33-2 through 33-5.  Plaintiff does not dispute this, despite Plaintiff's own admission that "[t]his type of information is regularly discoverable in product

---

[3] The Court acknowledges Plaintiff's statement that "[t]here is a split among courts as to whether a party may perform multiple Rule 30(b)(6) depositions only upon leave of court."  Doc. No. 32, at 3 (quoting *Clark v. FDS Bank*, No. 6:17-cv-692-Orl-78EJK, 2019 WL 12262469, at *1 (M.D. Fla. Dec. 9, 2019)).  Upon review, it appears that most courts in this District have concluded that leave of Court is required, given the language of Fed. R. Civ. P. 30(a)(2)(A)(ii).  *See, e.g.*, *Mokris v. United States*, No. 2:20-cv-34-JES-MRM, 2021 WL 8822316, at *2 (M.D. Fla. July 15, 2021).  In any event, Plaintiff asks for leave of Court, and upon review, leave will be denied for the reasons set forth in this Order.

[4] At the outset, the Court notes that this is not a case alleging that SharkNinja's 30(b)(6) deponent was unprepared for deposition, that the information at issue did not exist prior to Plaintiff taking that deposition, or that SharkNinja failed to comply with document production during discovery.  *See Wurtz v. MSC Cruises, S.A.*, No. 18-62547-CIV, 2019 WL 13237598, at *3 (S.D. Fla. July 29, 2019) (citing cases).

- 3 -

liability cases." *See* Doc. No. 32, at 3. The Court questions, given Plaintiff's admission that this type of information is regularly discoverable, why Plaintiff did not ask SharkNinja during the discovery process whether additional blender models similar to model BL450 existed. *Cf. RES Dev. Corp. v. Momentive Performance Materials*, Inc., No. 5:09-cv-491-Oc-10GRJ, 2011 WL 6013830, at *1 (M.D. Fla. Dec. 2, 2011) (denying motion for second 30(b)(6) deposition where, among other things, "Simply stated, Plaintiff did not ask for this information during the discovery period.").

Second, and more importantly, Plaintiff does not dispute that SharkNinja's responsive production to Plaintiff's discovery requests identified model numbers for blenders similar to model BL450. *See* Doc. No. 35. Discovery identifying these other model numbers was served on Plaintiff as early as January 2022, and further discovery was served in December 2022. *See id. See also* Doc. No. 33, at 1–2. Plaintiff's argument boils down to a contention that she was not required to review SharkNinja's document production in detail to find those model numbers, and to seek discovery regarding those other models on her own accord until the issue arose at the deposition of SharkNinja's expert. Doc. Nos. 32; Doc. No. 35, at 1–2. The Court cannot accept this argument based on the facts presented, as to rule in favor of Plaintiff on this issue would mean that a second 30(b)(6) deposition would be warranted simply by failure to carefully review document production before the

first.  *Cf. Sevi v. Nationstar Mortg., LLC*, No. 6:13-cv-1433-Orl-37KRS, 2015 WL 12911709, at *1 (M.D. Fla. Feb. 4, 2015), *aff'd*, 2015 WL 1242795 (M.D. Fla. Mar. 18, 2015) (denying motion to strike affidavit or alternatively reopen discovery to question 30(b)(6) deponent about the affidavit where the documents attached to the affidavit were previously produced to the plaintiff during discovery before the 30(b)(6) deposition).  *See also generally Mamani v. Sanchez de Lozada*, No. 07-22459-CIV, 2017 WL 11633120, at *2 (S.D. Fla. Aug. 7, 2017) ("The 'new information' that would justify re-opening a deposition is typically information that was not produced until after the deposition, created post-deposition, or involved new parties or claims.").

Third, even accepting Plaintiff's argument that she first learned of the additional models similar to model BL450 at the February 9, 2023 deposition, Plaintiff did nothing until filing the present motion on March 3, 2023.  *See* Doc. No. 32.  Plaintiff could have served written discovery on SharkNinja as early as February 10, 2023 directed to this issue, but she did not.  *Cf. Mokris v. United States*, No. 2:20-cv-34-JES-MRM, 2021 WL 8822316, at *2–3 (M.D. Fla. July 15, 2021) (denying motion for second Rule 30(b)(6) deposition where the information could be obtained through written discovery).  By waiting until March 3, 2023 to take any action, Plaintiff has failed to establish diligence, and has effectively necessitated that

any ruling in her favor result in an extension of the discovery period.  *See* Doc. No. 12.

For these reasons, Plaintiff's Motion (Doc. No. 32) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on March 10, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties