# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NATASHA RUIZ,

        Plaintiff,

v.                                        Case No:   6:21-cv-1628-WWB-LHP

SHARKNINJA OPERATING LLC and
WALMART INC.,

        Defendants

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** SHARKNINJA'S MOTION TO FILE UNDER SEAL, CERTAIN CONFIDENTIAL AND PROPRIETARY BUSINESS RECORDS (Doc. No. 65)
>
> **FILED:** June 13, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On May 30, 2023, Plaintiff filed a response in opposition to Defendants' *Daubert* motion to exclude the expert testimony of John Hyatt, Plaintiff's expert. Doc. No. 58. *See also* Doc. No. 42. With the response, Plaintiff filed several

exhibits, to include three placeholder exhibits for Defendant SharkNinja Operating LLC's ("SharkNinja") Design Qualification Test Procedure Report ("DQTP Report") (Doc. No. 58-3); SharkNinja's Ongoing Reliability Test Report ("ORT Report") (Doc. No. 58-4); and SharkNinja's Failure Mode and Effects Analysis ("Construction FMEA") (Doc. No. 58-5). Now, by the above-styled motion, SharkNinja seeks to have these documents filed under seal pursuant to Local Rule 1.11(d). Doc. No. 65. Plaintiff has filed a response stating that she has no opposition. Doc. No. 68.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11 and the Eleventh Circuit's standard concerning the public's common law interest to inspect and copy judicial records. *See, e.g.*, *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311-12 (11th Cir. 2001); *U.S. v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985). Relevant here, "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right[.]" *Chicago Tribune*, 263 F.3d at 1312. "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in

keeping the information confidential. Whether good cause exists is decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotation marks, citation, and alterations omitted).[1]

Here, because the exhibits SharkNinja wishes to file under seal are attached to a response to a *Daubert* motion—a pretrial motion requiring judicial resolution on the merits—the common law right of access applies. However, SharkNinja contends that the three documents at issue contain non-public, confidential business information about its business and products, and more specifically, product designs and testing, the results of such testing, and the methodologies implemented. Doc. No. 65, at 2, 4, 5. These documents have been marked "confidential" pursuant to the parties' confidentiality agreement. *Id.* at 2. According to SharkNinja, public disclosure of these materials would be irreparably

---

[1] Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records. *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at 1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

detrimental to SharkNinja's business strategy and operations, as well as to its position relative to competitors in the industry, given that it would expose SharkNinja's confidential business practices. *Id.* at 2, 4, 5.

Based on these representations, to which Plaintiff raises no objection, the Court finds that SharkNinja has demonstrated good cause to seal the exhibits at issue based on the proprietary nature of the documents, and that SharkNinja's competitive interests could be harmed by public disclosure. Accordingly, the Court will permit SharkNinja, at this stage of the litigation, to file the documents at issue under seal. *See, e.g.*, *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399-Orl-40TBS, 2017 WL 2021761, at *3-4 (M.D. Fla. May 12, 2017); *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols, LLC*, No. 3:10-cv-978-J-37JBT, 2011 WL 5357843, at *4 (M.D. Fla. Nov. 1, 2011).

Accordingly, it is **ORDERED** as follows:

1. SharkNinja's Motion to File Under Seal, Certain Confidential and Proprietary Business Records (Doc. No. 65) is **GRANTED**.

2. On or before **July 5, 2023**, SharkNinja shall file under seal the DQTP Report (Doc. No. 58-3); ORT Report (Doc. No. 58-4); and Construction FMEA (Doc. No. 58-5).

3. After review of the documents, the Court may require that some or all of the information filed under seal be filed in the public record, if it

determines that the documents are not properly subject to sealing. Otherwise, this seal shall not extend beyond **ninety (90) days** after the case is closed and all appeals exhausted.  See Local Rule 1.11(f).[2]

**DONE** and **ORDERED** in Orlando, Florida on June 27, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Given Local Rule 1.11(f), which SharkNinja does not address, the Court finds SharkNinja's request to seal the documents indefinitely unpersuasive.  See Doc. No. 65, at 3.