# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NATASHA RUIZ,

      Plaintiff,

v.     Case No:   6:21-cv-1628-WWB-LHP

SHARKNINJA OPERATING LLC and
WALMART INC.,

      Defendants

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S SHORT-FORM DISCOVERY MOTION TO COMPEL PRODUCTION OF SURVEILLANCE VIDEOS AND TO RE-OPEN DISCOVERY FOR LIMITED PURPOSES (Doc. No. 80)
>
> **FILED:** August 4, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Discovery in this matter closed on March 31, 2023. Doc. No. 12, at 1. However, on July 31, 2023, Defendant SharkNinja Operating LLC ("SharkNinja") served on Plaintiff a First Supplemental Response to Plaintiff's Requests for

Production No. 2.   Doc. No. 80-2.   The Supplemental Response states, in relevant part, as follows:

> **REQUEST FOR PRODUCTION NO. 2:**
> All photographs, video recordings, and audio recordings depicting Plaintiff.
> . . . .
>
> **SUPPLEMENTAL RESPONSE:**
> . . . .
>
> SharkNinja's outside counsel is in possession of responsive surveillance videos that were first created after the close of discovery (March 31, 2023) by a private investigator retained by SharkNinja's outside counsel.  Such videos are protected by the work-product doctrine and are not discoverable.  Fed. R. Civ. P. 26(b)(3)(A); *see generally Johnson v. Gross*, 611 F. App'x 544, 547 (11th Cir. 2015) ("Ordinarily, under the work - product doctrine a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative[.]") (quotation omitted).
>
> SharkNinja reserves the right to use this video at trial solely for impeachment purposes.   Fed. R. Civ. P. 26(a)(1)(A)(ii); *see also Alphonso v. Esfeller Oil Field Const., Inc.*, 380 F. App'x 808, 810 (11th Cir. 2010) (holding that pre-trial disclosure of surveillance video showing Plaintiff selling clothing out of the back of a sport utility vehicle was not required because the video was offered at trial solely for impeachment); *Calhoun v. Walmart Stores E., LP*, 818 F. App'x 899, 902, 905 (11th Cir. 2020) (holding that Walmart was not required to disclose Ms. Calhoun's Facebook posts prior to trial, because it used this evidence solely for the purpose of impeaching her testimony that she was unable to work after the incident).

*Id.*

Now, by the above-styled motion, Plaintiff seeks to compel SharkNinja's production of the surveillance videos and to reopen discovery for the limited purpose of conducting a two-hour deposition of the private investigator. Doc. No. 80. Defendants oppose. Doc. No. 82. Upon consideration, and for the reasons argued by Defendants in response, Plaintiff's motion (Doc. No. 80) will be denied.

"Federal Rule of Civil Procedure 26 does not require pre-trial disclosure of evidence that may be used at trial 'solely for impeachment.'" *Calhoun v. Walmart Stores E., LP*, 818 F. App'x 899, 905 (11th Cir. 2020) (citing Fed. R. Civ. P. 26(a)(3)).[1] Thus, SharkNinja is not required to disclose the surveillance videos, to be used solely for impeachment purposes, prior to trial. *See id.* ("Walmart was . . . not required to disclose Ms. Calhoun's Facebook posts prior to trial, because it used this evidence solely for the purpose of impeaching her testimony that she was unable to work after the incident."); *Alphonso v. Esfeller Oil Field Const., Inc.*, 380 F. App'x 808, 810 (11th Cir. 2010) (pre-trial disclosure of surveillance video admitted at trial solely for impeachment purposes not required); *Lawton-Davis v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1157-Orl-37GJK, 2015 WL 12839765, at *2 (M.D. Fla. Dec. 21, 2015) (denying motion to compel production of surveillance footage to be used at trial

---

[1] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

solely for purposes of impeachment); *Hiatt v. Rebel Auction Co.*, No. 2:13-CV-20, 2015 WL 4935569, at *2 (S.D. Ga. Aug. 18, 2015) (denying motion in limine to exclude surveillance footage created after the close of discovery to be used at trial solely for impeachment purposes).

Moreover, SharkNinja claims that the surveillance videos are protected by the attorney work product doctrine. Doc. No. 80-2, at 2. In her motion, Plaintiff does not argue that the attorney work product doctrine does not apply. Doc. No. 80. Nor does she argue waiver. *See id.* Thus, the surveillance videos are "not discoverable absent a showing of substantial need for same by Plaintiff[]." *Lawton-Davis*, 2015 WL 12839765, at *2 (citing Fed. R. Civ. P. 26(b)(3)(A)). Plaintiff attempts to establish substantial need by arguing, in conclusory fashion, that "SharkNinja created Plaintiff's substantial need for the videos by stating its right to use the videos at trial, and Plaintiff has no means to obtain the equivalent of what the videos show." Doc. No. 80, at 2. But Plaintiff's "generalized assertions of prejudice" are not enough. *See Lawton-Davis*, 2015 WL 12839765, at *2. Nor do the cases Plaintiff relies on in support get her there. *See* Doc. No. 80, at 2.[2]

---

[2] Plaintiff first relies on *Nemec v. Mosaic Co.*, No. 8:18-cv-1231-T-30AEP, 2019 WL 3833548 (M.D. Fla. Aug. 15, 2019), which the Court finds distinguishable. There, the court found waiver of work product privilege, which Plaintiff does not argue here. Moreover, a review of the hearing transcript underlying the *Nemec* order demonstrates that the defendant had voluntarily produced the surveillance footage at issue thus waiving work

For these reasons, Plaintiff's Motion (Doc. No. 80) is **DENIED**.  Of course, if Defendants ultimately attempt to use this surveillance video evidence for purposes other than impeachment at trial, Plaintiff may seek appropriate redress from the Court.

**DONE** and **ORDERED** in Orlando, Florida on August 10, 2023.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

product in that regard, acknowledging that it would be used at trial, and instead was refusing to produce the investigator's file pertaining to that footage.  See 8:18-cv-1231-T-30AEP, Doc. No. 97, at 5–6, 9–10, 16–17.  Further, the discovery period was still open, the deposition for the investigator had been set, and the defendant intended use the video deposition of the investigator at trial, thus placing the information at issue, and lending to Plaintiff's substantial need for the information, circumstances not present here.  See id.

Plaintiff further cites *Hairston v. ED Nelson Transportation*, No. 3:13-cv-1457-J-32JBT, 2015 WL 12843867 (M.D. Fla. Aug. 10, 2015), which the Court also finds distinguishable.  In *Hairston*, the defendants intended to use a portion of the video surveillance at trial, produced that portion to the plaintiff, and declined to produce the rest.  *Id.* at *1.  The court found that the defendants "created Plaintiff's substantial need for all of the surveillance by intending to use a portion of it."  *Id.*  Here, SharkNinja has not produced any portion of the surveillance video, and reserves its right to use the surveillance videos solely for impeachment purposes at trial.  Doc. No. 80-2.  There is no discussion in *Hairston* of the general principle that impeachment evidence need not be disclosed.